IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAROLD CARMINE VILLANUEVA,

Plaintiff,

vs.                                                          No. CV 12-688 CG

CAROLYN W. COLVIN,[1]
Acting Commissioner of the
Social Security Administration,

Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Harold Carmine Villanueva's

*Motion and Supporting Memorandum to Reverse and Remand for Rehearing* ("Motion"),

filed on January 22, 2013, (Doc. 20); *Defendant's Response to Plaintiff's Motion to*

*Reverse or Remand Administrative Agency Decision* ("Response"), filed on March 21,

2013, (Doc. 21); and *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to*

*Reverse and Remand for Rehearing* ("Reply"), filed on April 4, 2013, (Doc. 24).  The

parties consented to have the undersigned Magistrate Judge conduct all proceedings

and enter final judgment.  (Docs. 26, 27).

On October 20, 2008, when Mr. Villanueva was seventeen years old, his mother

filed an application for Child Disability benefits and Supplemental Security Income on

his behalf.  (Doc. 20 at 1).  Mr. Villanueva turned eighteen years old on August 11,

2009.  (Administrative Record ("AR") at 18).  His application was denied initially and

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted,
therefore, for Commissioner Michael J. Astrue as the defendant in this suit.  No further action need be
taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42
U.S.C. § 405(g).

upon reconsideration, after which he requested a hearing with an Administrative Law Judge ("ALJ").  (AR at 70-71, 81-83).  The hearing was held on December 8, 2010, before ALJ Ann Farris; on February 22, 2011, ALJ Farris issued an opinion determining that Mr. Villanueva was not disabled.  (AR at 14-27).

In his Motion, Mr. Villanueva asserts that the ALJ committed legal error by failing to articulate her decision, failing to base her decision on substantial evidence, failing to apply the proper legal standards, and failing to provide the Court with a sufficient reasoning to determine whether she conducted a proper legal analysis.  (Doc. 20 at 24). Defendant argues that the ALJ's determination that Mr. Villanueva is not disabled is consistent with regulatory criteria.  (Doc. 21 at 17).

The Court has reviewed Plaintiff's Motion, the Response, the Reply, and the relevant law.  Because the ALJ failed to properly provide the Court with sufficient basis for the Court to review whether she applied the correct legal standards in Mr. Villanueva's case, pursuant to 42 U.S.C. § 405(g) (sentence four), the Court will **GRANT** Plaintiff's Motion and **REMAND** the case for further proceedings consistent with this Memorandum Opinion and Order.

## I.      Background

In his application, Mr. Villanueva alleged that he was disabled due to his diabetes and depression.  (AR at 147).  He was diagnosed with Type I diabetes in 2004, when he was twelve years old.  (Doc. 20 at 2).  Mr. Villanueva has also been diagnosed with various mental impairments, including depression, attention deficit disorder, anxiety, and schizoaffective disorder with auditory hallucination.  (Doc. 20 at 3).  In addition to these impairments, Mr. Villanueva has engaged in illegal drug use.  (Doc. 20 at 3).  Mr.

Villanueva failed the ninth grade four times because he was not able to complete the coursework; his attempts to earn a GED were also unsuccessful.  (Doc. 20 at 3).

In her opinion, ALJ Farris properly stated both the childhood and adult standards of disability.  (AR at 15-18).  After finding that Mr. Villanueva was not engaged in substantial gainful activity, she found that Mr. Villanueva's "impairments, including the substance use disorders, meet section(s) 112.09 of 20 C.F.R Part 404, Subpart P, Appendix 1."  (AR at 19).  Following that finding, the ALJ summarized Mr. Villanueva's medical records.  (AR at 19-23).  She found that the severity of Mr. Villanueva's polysubstance abuse met the criteria to be considered a psychoactive substance dependence disorder.  (AR at 22).  The ALJ discussed several reasons why she did not find Mr. Villanueva's statements regarding his symptoms to be entirely credible, including that he had not been treated for attention deficit disorder for several years; that various medical records showed that his depression was stable or that he had decreased symptoms; that he had not been completely forthcoming regarding his drug and alcohol use or his criminal history at a consultative evaluation and at the hearing before the ALJ; and that his diabetes was not well-controlled, at least in part, because of his own non-compliance with recommended treatments.  (AR at 23).

The ALJ then found that if Mr. Villanueva stopped the substance use, his "remaining limitations would cause more than a minimal impact on [his] ability to perform basic work activities; therefore, [Mr. Villanueva] would continue to have a severe impairment or combination of impairments."  (AR at 24).  The ALJ explained that, in the absence of substance abuse, Mr. Villanueva's diabetes "would cause more than a minimal impact," but that his depression would be non-severe.  (AR at 24).  To support

this finding, the ALJ discussed the criteria for finding a mental impairment severe and cited evidence from the record supporting her conclusion that his depression is non-severe.  (AR at 24).

After her discussion of Mr. Villanueva's depression, the ALJ wrote:

> Because the claimant would not be disabled if he stopped the substance use (20 C.F.R. 404.1520(g) and 416.920(g)), the claimant's substance use disorders [sic] is a contributing factor material to the determination of disability (20 C.F.R. 404.1535 and 416.935).  Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

(AR at 25).  The ALJ then stated that Mr. Villanueva has not developed any new impairments since turning eighteen years old, but that he continued to have a severe impairment or combination of impairments.  (AR at 25).  The ALJ did not state what this severe impairment or combination of impairments was, though she did state that Mr. Villanueva's diabetes did not meet "Listing 9.08 which describes diabetes complicated by diabetic neuropathy, frequent acidosis or retinitis proliferans."  (AR at 25).

The ALJ found that Mr. Villanueva had the residual functional capacity to "perform a full range of work at all exertional levels" but that he should avoid moderate exposure to hazards, including driving, and he could perform simple, routine work.  (AR at 25).  Following the ALJ's RFC finding were the following two sentences:

> In making this finding, the undersigned has considered the claimant's statements concerning the intensity, persistence and limiting effects of his symptoms and found them not entirely credible for the reasons set forth above.  In this regard, the claimant's diabetes has been taken into account in formulating the above nonexertional limitations.

(AR at 25).  The two sentences were the only support or analysis she offered for her RFC finding.  (AR at 25).  The ALJ went on to complete step four, finding that Mr. Villanueva did not have any past relevant work.  (AR at 25).  At step five, the ALJ relied

on the vocational expert's testimony at the hearing that Mr. Villanueva could perform the requirements of representative occupations such as housekeeping cleaner, a cleaner/polisher, or a laundry worker.  (AR at 26).  Finally, the ALJ concluded that Mr. Villanueva had not been under a disability since August 11, 2009, the day he turned eighteen years old.  (AR at 27).

## II.    Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." See *Hamlin*, 365 F.3d at 1214; *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).  A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

### III.   Sequential Evaluation Process and Applicable Law

#### a.  Childhood Standard of Disability

An individual under the age of eighteen is considered disabled if he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382a(a)(3)(C)(i).  To evaluate whether a minor is disabled, the Social Security Administration established a three-step evaluation process.  20 C.F.R. § 416.924.  At step one, the ALJ assesses whether the individual is engaged in substantial gainful activity; if so, the individual is not disabled.  20 C.F.R. § 416.924(b). The ALJ then evaluates whether the individual has a medically determinable impairment that is severe; if the impairment is not severe, the individual is not disabled.  20 C.F.R. § 416.924(c).  At the third step, the ALJ considers whether the individual's impairment or combination of impairments medically meets, or functionally equals, the criteria in the Listings.[2]  20 C.F.R. § 416.924(d)  To determine whether an impairment, or combination or impairments, functionally equals the Listings, the ALJ assesses the individual's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

#### b.  Adult Standard of Disability

For purposes of disability insurance benefits and supplemental security income, an adult establishes a disability when he is unable "to engage in any substantial gainful

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  In light of this definition for disability, a five-step sequential evaluation process ("SEP") has been established for evaluating a disability claim.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the SEP, the claimant has the burden to show that:  (1) he is not engaged in "substantial gainful activity;" that (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairments either meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### c.  Drug and Alcohol Abuse as a Contributing Factor to Disability

In 1996, the Social Security Act was amended to include a provision stating that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).  The Code of Federal Regulations contains the guidelines that an ALJ must follow in a case in which there is medical evidence that a claimant has a drug

addiction or alcoholism.  20 C.F.R.§ 416.935.  If the individual is found disabled, the ALJ must determine whether the drug addiction or alcoholism is a "contributing factor material to the determination of disability."  20 C.F.R. § 416.935(a).  According to the regulations, the "key factor" in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether the ALJ would find the individual disabled if he or she stopped using drugs or alcohol.  20 C.F.R. § 416.935(c)(1).  To make that determination, the ALJ must evaluate which of the physical and mental limitations would remain in the absence of drug or alcohol use and then assess whether those remaining limitations would be disabling.  20 C.F.R. § 416.935(b)(2).

## IV.   Analysis

Mr. Villanueva asserts that the ALJ committed several legal errors in her decision, including failing to clearly articulate her decision and failing to apply the proper legal standards.  (Doc. 20 at 25).  He also claims that the ALJ's decision was not supported by substantial evidence.  (Doc. 20 at 24).  In his Motion, Mr. Villanueva elaborates on his claims, arguing that the ALJ erred by failing to find that his depression was a severe impairment; by failing to conduct a functional equivalence analysis; by ignoring the entire record; and because her RFC evaluation was not based on substantial evidence.  (Doc. 20 at 6-24).

As stated above, an ALJ must provide the Court with a "sufficient basis to determine that appropriate legal principles have been followed."  *Byron*, 742 F.2d at 1235.  Additionally, the Court cannot "create or adopt post-hoc rationalizations to

support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007).

In this case, the ALJ was required to analyze Mr. Villanueva's impairments using both the childhood and adult standards of disability because he turned eighteen years old while his application was pending. Additionally, because there was medical evidence or drug addiction and alcoholism, the ALJ was required to determine whether Mr. Villanueva would be considered disabled in the absence of substance abuse. *See* 20 C.F.R. § 416.935. However, it appears that the ALJ conflated many of these required analyses and steps.

The Court cannot determine, from her decision, where the ALJ applied the childhood standard of disability as opposed to the adult standard of disability. At the end of her opinion, the ALJ obviously applies the sequential evaluation process that is part of the adult standard of disability because the she makes a separate finding regarding Mr. Villanueva's impairments since attaining age eighteen and his RFC. However, these findings follow a statement declaring that Mr. Villanueva "has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision." (AR at 25-27). If the ALJ was finding that Mr. Villanueva was not disabled through the date of the decision, the Court is not sure why she continued to perform the sequential evaluation process for the period of time after Mr. Villanueva's eighteenth birthday through the date of the decision. (AR at 25-27).

The Court has considered whether the ALJ's statement quoted above should have read "through the date of Mr. Villanueva's eighteenth birthday" instead of "through

9

the date of this decision."  Even considering that the ALJ's statement may have been a harmless typographical error, the preceding section, which contains an analysis of whether Mr. Villanueva's impairments would be severe in the absence of drug and alcohol use does not conform to the steps in the childhood standard of disability.  After finding that Mr. Villanueva's diabetes was severe,[3] under the childhood standard of disability, the ALJ should have assessed his functioning in six domains; this serves to assess whether his impairment equals an impairment described in the Listings.  However, the decision does not reflect any of that analysis.

The ALJ was required to make a finding as to whether Mr. Villanueva was disabled before she assessed whether his drug addiction or alcoholism was a contributing factor material to his disability.  *See* 20 C.F.R. 416.935(a); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1214-15 (10th Cir. 2001).  Although she found that his substance use met the criteria for a Listing, which would appear to mandate a finding of disability, she did not explicitly find that Mr. Villanueva was disabled before analyzing whether he would be disabled in the absence of drug or alcohol use.  (AR at 19-24).  Later in her decision, the ALJ states that Mr. Villanueva, since turning eighteen years old, did "not have an impairment or combination of impairments that meets or medically equals a listed impairment."  (AR at 25).  The ALJ does not mention substance use in the section at all, even after finding that Mr. Villanueva's substance use met the criteria of a Listing earlier in her opinion.  (AR at 25).  Moreover, the

---

[3] The ALJ found that Mr. Villanueva's diabetes would cause more than a minimal impact on his ability to do basic work activities.  (AR at 24).  In the regulations, an impairment that "causes no more than minimal functional limitations" is not severe; therefore, an impairment that "would cause more than a minimal impact" is, presumably, severe.  20 CFR § 416.924(c).  However, at no point in her decision did the ALJ specify that Mr. Villanueva's diabetes was, in fact, a severe impairment.

medical record contains some evidence that Mr. Villanueva was using drugs past his eighteenth birthday.  (AR at 383, 389).

The Court is not able to determine where in her decision the ALJ assessed Mr. Villanueva's impairments under the childhood standard of disability and where she applied the adult standard of disability, nor is it clear whether her analysis of his impairments in the absence of substance use was meant to apply to the time period preceding and following Mr. Villanueva's eighteenth birthday.  The Court cannot assess the ALJ's ultimate determination that Mr. Villanueva is not disabled without impermissibly engaging in post-hoc rationalization of the decision.  *See Haga*, 482 F.3d at 1207-08.

## V.    Conclusion

For the reasons discussed above, the Courts finds that the ALJ has failed to provide the Court with a sufficient basis to review her decision.

**IT IS THEREFORE ORDERED** that Mr. Villanueva's *Motion and Supporting Memorandum to Reverse or Remand for Rehearing* is **GRANTED** and that this case is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.


THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE